# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Assurance Co. of America, et al., | Case No.: 2:15-cv-00460-JAD-PAL |
| Plaintiffs | **Order Denying Motion for Rule 60(b) Relief and Motion for Attorneys' Fees and Costs** |
| v. | |
| Ironshore Specialty Ins. Co., | [ECF Nos. 54, 55] |
| Defendant | |

In this insurer-versus-insurer coverage dispute, I granted summary judgment in favor of the Ironshore Speciailty Insurance Company after concluding that its duty to defend was not triggered in a handful of construction-defect lawsuits.[1]  Ironshore, having made offers of judgment to each of its adversaries, now moves for attorneys' fees and costs.  The losing carriers oppose that motion and ask me to set aside the judgment because my conclusions differ from those reached by another judge in this district who considered similar issues—a fact that they fully apprised me of before I made my decision.  I find no reason to set aside the judgment.  And although I conclude that I have discretion to award fees under Nevada law based on the offers of judgment that the plaintiffs rejected in this case, I do not find that such an award is warranted here.  So I also deny Ironshore's motion for attorneys' fees and costs.

---

[1] ECF Nos. 50 (summary-judgment order), 51 (judgment).

**Discussion**

I. **Plaintiffs' motion for relief from judgment**

Rule 60(b) of the Federal Rules of Civil Procedure allows the court to "relieve a party . . . from a final judgment, order, or proceeding" for a variety of reasons, including the catchall "any other reason that justifies relief."[2] The Ninth Circuit has cautioned, however, that "judgments are not often set aside" under this rule, and it "should be 'used sparingly as an equitable remedy to prevent manifest injustice.'"[3]

Plaintiffs ask me to reconsider my entry of judgment in favor of Ironshore[4] because it "is contrary to and conflicts with rulings issued by Judge Navarro in" another case between these parties in this district.[5] But this is not news to me. I knew about those other rulings when I issued mine because plaintiffs told me about those rulings in their opposition to the motion for summary judgment.[6] And they offered me the same block-quoted passages in that opposition that they now offer in support of their Rule 60(b) motion.[7] I was no more persuaded by these points then than I am now. Because

---

[2] Fed. R. Civ. P. 60(b).

[3] *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 941 (9th Cir. 2007) (quoting *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1103 (9th Cir. 2006), and *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005)).

[4] ECF No. 50.

[5] ECF No. 55.

[6] *See* ECF No. 45 at 10.

[7] *Compare* ECF No. 45 at 19–20 *with* ECF No. 60 at 7.

2

the plaintiffs have not demonstrated that they are deserving of Rule 60 relief from the judgment, I deny their motion.

## II. Ironshore's motion for attorneys' fees and nontaxed costs

Ironshore moves for attorneys' fees and nontaxed costs based offers of judgment that it made to the plaintiffs under Nevada Rule of Civil Procedure 68[8] and NRS 17.115 in this diversity case.[9] Five months after it removed this indemnity-and-contribution case from state court, Ironshore served offers of judgment on the three plaintiffs.[10] Each offered to allow judgment to be entered in favor of the plaintiff carrier "and against Ironshore in the amount of $13,000, inclusive of all costs, applicable interest, and attorneys' fees, in full satisfaction and in complete resulation of each and every claim asserted by" that carrier.[11] No plaintiff accepted the offer, so the case moved forward,[12] the parties briefed competing summary-judgment motions in 2016,[13] and I entered summary judgment in Ironshore's favor in the summer of 2017.[14] Ironshore argues that this was a case with "enormous factual and legal complexity" that it was "able to dispose

---

[8] ECF No. 54. Nev. Rev. Stat. §17.115 was repealed effective October 1, 2015. Nevertheless, because it was in effect at the time Ironshore served its offers, I consider it. My conclusion does not change, however, whether I evaluate the request under NRCP 68 or the now-abrogated statute.

[9] *See* ECF No. 1 at 2–3 (citing diversity as the basis for removal jurisdiction).

[10] ECF No. 54-2 at 1–2.

[11] ECF Nos. 54-3, 54-4, 54-5.

[12] ECF No. 54-2.

[13] *See* ECF Nos. 28–38, 39–49.

[14] ECF No. 50.

of" through motion practice instead of a more costly trial, and it asks for the $302,214.50 in attorneys' fees and $3,863.53 in nontaxable costs that it incurred from the date of the offers of judgment through the entry of judgment.[15] The plaintiff carriers contend that federal law does not permit an award of Ironshore's fees and costs here and, even if these amounts could be recovered, they are not justified in this case.[16]

### A. This court can apply Nevada law to award fees in this case.

Rule 68 of the Nevada Rules of Civil Procedure authorizes a litigant to make an offer of judgment to resolve a case. If the defendant makes an unconditional offer under the rule and the plaintiff rejects it and fails to beat it, the court can order the plaintiff to pay the defendant's attorneys' fees "from the time of the offer."[17] "In making such an award of attorney fees, the district court must carefully review" these factors established by the Nevada Supreme Court in *Beattie v. Thomas*: "(1) whether the plaintiff brought the claim in good faith, (2) whether the defendants' offer of judgment was reasonable and brought in good faith in both its amount and timing, (3) whether it was grossly unreasonable or an act in bad faith for the plaintiff to reject the offer and proceed to trial, and (4) whether the fees sought are reasonable and justifiable in amount."[18] When the court "properly considers these *Beattie* factors, the award of attorney's fees is

---

[15] ECF No. 54 at 9–10.
[16] ECF No. 56.
[17] Nev. R. Civ. P. 68(f)(2).
[18] *Ozawa v. Vision Airlines, Inc.*, 216 P.3d 788, 792 (Nev. 2009) (*citing Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983)).

4

discretionary. . . ."[19] Because this state offer-of-judgment rule is substantive and does not conflict with the federal rule, it applies in this diversity case.[20]

### B. Though procedurally available, an award of fees is not warranted here.

Though fees are available under NRCP 68 in a federal case like this in which the plaintiff fails to beat a defendant's offer of judgment,[21] after an analysis of the *Beattie* factors, I conclude that an award of attorneys' fees is not justified in this case. The first *Beattie* factor requires the court to consider the plaintiffs' litigation motives.[22] When doing so, I cannot say that the plaintiffs did not bring this action in good faith. Even though I granted summary judgment in favor of Ironshore, there is nothing in this record that suggests that the plaintiffs lacked a good-faith motive in bringing or maintaining this lawsuit. Just a few months before they filed this lawsuit, they had received a favorable ruling on the same legal issues in a separate action before a different judge in this

---

[19] *LaForge v. State, Univ. & Cmty. Coll. Sys. of Nevada*, 997 P.2d 130, 136 (Nev. 2000).

[20] *See MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1284 (9th Cir. 1999); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n.31 (1975) ("In an ordinary diversity case where the state law does not run counter to a valid federal statute or rule of court, . . . state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed.") (citations omitted); *see also Cheffins v. Stewart*, 825 F.3d 588, 597 (9th Cir. 2016).

[21] I also find that Ironshore's motion complies with LR 54-14 and that its offers were unconditional.

[22] *Frazier v. Drake*, 131 Nev. Adv. Op. 64, 357 P.3d 365, 372 (Nev. Ct. App. 2015) (noting that the first three *Beattie* factors "all relate to the parties' motives in making or rejecting the offer and continuing the litigation").

district.[23] So, the timing suggests that the plaintiffs brought and pursued this case in good faith.

Those same circumstances—and the path that the other cases between these litigants were taking—make it difficult for me to conclude that Ironshore's offer of judgment was reasonable and brought in good faith in both its amount and timing. When Ironshore served its offers in August of 2015, the plaintiffs had at least one more favorable ruling in the parallel litigation in their pockets.[24] So, I cannot say that Ironshore's offer to have judgment entered against it in the amount of $13,000 for each of the three plaintiffs ($13,000 x 3 = $39,000), when Ironshore's potential exposure was $835,000, was made in good faith. This sum likely didn't even cover the plaintiffs' costs of defense at that point.

For the same reasons, I cannot say that it was grossly unreasonable for the plaintiffs to reject Ironshore's offers or that they acted in bad faith by doing so. Because the first three *Beattie* factors weigh against an award of attorneys' fees and persuade me to deny Ironshore's request for fees, it makes no difference whether I find the amount of Ironshore's request reasonable. Even if I were to conclude that the more than $300,000 in attorneys' fees that Ironshore is requesting in this case are reasonable, the balance of

---

[23] *See Assurance Co. of Am. v. Ironshore Specialty Ins. Co.*, No. 2:13-cv-02191-GMN, 2014 WL 4829709, at *1 (D. Nev. Sept. 30, 2014).

[24] *See* ECF No. 72 in *Assurance Co. of Amer. v. Ironshore Spec. Ins. Co.*, 2:13-cv-02191-GMN-CWH (order dated July 29, 2015).

the *Beattie* factors tips heavily against a fee award here. I thus deny Ironshore's request for an award of attorneys' fees.

### C. Ironshore's nontaxable costs motion is not sufficiently developed.

Although Ironshore also requests an award of nontaxable costs, it fails to establish the legal basis for that award. Ironshore devotes the entirety of its argument to demonstrating its entitlement to attorneys' fees, leaving the legal basis for its nontaxable fees request unclear.[25] This makes it impossible for the court to evaluate whether those costs should be awarded in this case. For this reason, I deny Ironshore's motion for nontaxable costs. But I do so without prejudice to Ironshore's ability to file a renewed motion for those costs that specifically sets for the legal basis for their recoverability no later than October 1, 2018.

### Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion for Relief from Judgment **[ECF No. 55] is DENIED**; and

IT IS FURTHER ORDERED that Ironshore's Motion for Attorneys' Fees and Nontaxable Costs **[ECF No. 54] is DENIED**; Ironshore has until October 1, 2018, to file a renewed motion for nontaxable costs consistent with this order.

Dated: September 18, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[25] *See* ECF Nos. 54 (motion), 57 (reply).

7